# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ORLONDO HARMON #222354,** ) | |
| ) | |
| **Plaintiff,** ) | No. 3:15-cv-00750 |
| ) | Senior Judge Haynes |
| v. ) | |
| ) | |
| **SOUTHERN HEALTH PARTNERS,** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |

## M E M O R A N D U M

Plaintiff Orlondo Harmon, an inmate at the Dickson County Jail in Charlotte, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendant Southern Health Partners and the Dickson County Jail for the Defendants' alleged failure to provide him with adequate medication after his tooth extractions.

According to his complaint, at the Dickson County Jail on June 5, 2015 at 10:00 a.m., three of the Plaintiff's teeth were extracted. On the day of the extraction, Plaintiff was provided with three ibuprofen pills at 6:00 a.m. and again at 6:00 p.m. Plaintiff alleges that on the morning of June 6th, he was provided with three ibuprofen pills at 6:00 a.m. Yet, by 2:00 p.m., Plaintiff alleges that he was in "excruciating pain" and asked to be provided with "something for pain." Plaintiff alleges that the nurse and the deputies denied the Plaintiff any pain medication at that time. Plaintiff received his next additional medication at 6:45 p.m. (Docket No. 1 at 6).

Plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section

1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, Plaintiff must allege and show: (1) that he was deprived of

2

a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As to Plaintiff's claims against the Dickson County Jail, a jail or justice center is a building where prisoners are held and therefore is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Dickson County Jail.

To the extent the claims against the Dickson County Jail might be liberally construed as claims against Dickson County, Tennessee, in order to sue a local government under § 1983, the Plaintiff must allege that "it is [the] execution of [the] government's policy or custom . . . [that] inflicts the injury . . . ." *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). In sum, Plaintiff must allege facts of a direct causal link between an official policy or custom and the alleged violation of the Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, Plaintiff did not identify any policy or regulation of Dickson County or practice of denial of medication. Thus, Plaintiff's complaint fails to state claims upon which relief can be

granted against Dickson County.

According to Plaintiff's complaint, Defendant Southern Health Partners is the entity that provides Plaintiff with dental treatment.

To state a violation of his Eighth Amendment constitutional rights resulting from a denial of adequate medical or dental care, plaintiff must allege plausible facts that a defendant was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994).

A prisoner's difference of opinion regarding diagnosis or treatment does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976). Finally, to set forth a viable claim for the denial of medical or dental care, the plaintiff must argue that his health suffered as a consequence of such alleged denial. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Yet, the same legal standard for Dickson County applies to Southern Health Partners. <u>Street v. Corr. Corp. of Am.</u>, 102 F.3d 810, 814 (6th Cir. 1996) ("The defendants were 'acting under color of state law' in that they were performing the 'traditional state function' of operating a prison.") Plaintiff alleges that he received over-the-counter pain medication four times over the course of forty eight hours. Thus, Plaintiff's pain was not ignored. Plaintiff alleges that he suffers from heart problems and pain could exacerbate his heart problems, but does not allege that he suffered any

4

heart-related problems after the extractions. Plaintiff has not established that Defendant Southern Health Partners acted with deliberate indifference to the Plaintiff's medical or dental needs. As such, the Plaintiff's claim against Southern Health Partners fails.

For these reasons, the Court concludes that the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the Court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the \_\_\_15th\_\_\_ day of July, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge